**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division**

JOSE A. TORRES AND
ISABEL LITOVICH-QUINTANA,        Case No. _____

       Petitioners,

vs.

MORGAN STANLEY SMITH BARNEY LLC D/B/A
MORGAN STANLEY,

       Respondent.
_____/

**PETITION TO CONFIRM ARBITRATION AWARD**

Pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, Petitioners, Jose A. Torres and Isabel Litovich-Quintana, respectfully request confirmation of a Financial Industry Regulatory Authority (FINRA) arbitration award entered on July 16, 2019, in favor of Petitioners, and against Morgan Stanley Smith Barney LLC D/B/A Morgan Stanley, a copy of which is attached hereto as Exhibit A.

**INTRODUCTION**

1.    Petitioners, Jose A. Torres ("Jose") and Isabel Litovich-Quintana ("Elizabeth"), maintained brokerage accounts with Morgan Stanley Smith Barney LLC D/B/A Morgan Stanley ("Morgan Stanley"). Jose and Elizabeth sustained significant losses allegedly caused by Morgan Stanley and its former registered representative, Angel Aquino ("Aquino"). The losses sustained by Jose and Elizabeth were in Puerto Rico closed-end funds, Puerto Rico bonds and a now bankrupt gaming company.

1

2. On July 19, 2017, Jose and Elizabeth filed a FINRA Arbitration claim against Morgan Stanley for breach of fiduciary duty, negligence, negligent supervision, fraud, breach of contract, breach of contract-third party beneficiary, violation of the Puerto Rico Uniform Securities Act, violation of the Florida Securities and Investor Protection Act, violation of Sections 10(b) of the Securities Exchange Act, 15 U.S.C. §78j(b), and violation of Rule 10b-5 of the Securities and Exchange Commission.

3. On January 14-18, 21-24, March 2-6 and April 22-26, an arbitration hearing was conducted in Miami, Florida before a three member FINRA Arbitration panel. The FINRA arbitration panel heard 19 days of evidence. The parties presented nine witnesses as well as extensive documentary evidence. The parties also submitted extensive pre-trial and post-trial submissions.

4. On July 16, 2019, the FINRA panel delivered its award (hereinafter the "FINRA arbitration Award") in favor of Jose and Elizabeth and against Morgan Stanley as follows:

AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondent is liable and shall pay to Claimants the sum of $261,420.63 in compensatory damages.

2. Respondent is liable for and shall pay to Claimants interest on the above-stated sum at the rate of 0.1% per annum from March 31, 2013, through and including August 30, 2014.

3. Respondent is liable for and shall pay to Claimants the sum of $3,000,000.00 in monetary sanctions, in accordance with Rules 12212 and 12511 of the Code of Arbitration Procedure (the "Code"). The Panel has provided the following explanation for their finding:

2

During the course of the evidentiary hearing, the Panel was made aware of Respondent's alleged failure to comply with a discovery request Order, which was granted pre-hearing by the prior Chairperson with respect to the production of documents related to the termination of a key employee of Respondent. After hearing oral argument on the issue by both parties, the full Panel issued the same Order was previously issued by the prior Chairperson for production of "all" related documents by midnight. The Panel noted that the prior Chairperson's Order did not limit itself to "pre-termination" or "post termination" documents when it stated "all." Respondent did not send the requested documents to Claimants' counsel by midnight, nor did Respondent's counsel provide opposing counsel with the courtesy of an email by midnight explaining why "all" of the ordered documents were not being produced. The evidentiary hearing was delayed, for a second time, to permit both parties to provide oral argument on the "settlement privilege" which Respondent's counsel alleged applied to the documents that Respondent was withholding and proposing to have the Panel review "in camera." The Panel again ordered the withheld documents to be handed to Claimants' counsel, and not to the Panel for in camera review. The Panel took note of the extreme prejudice Respondent's failure of compliance caused Claimants' counsel in preparing their case and asserting their claims without the withheld documents which the Panel deemed were highly relevant to the dispute in question, the central figure of which was the terminated employee whose related documents were being withheld. Claimants' counsel repeatedly requested that Respondent be assessed monetary sanctions for its failure of compliance with the Panel's Orders. At the conclusion of the evidentiary hearing, the Panel ordered both parties to submit post-hearing briefs on the issue of the sanctions requested by Claimants' against Respondents.

The Panel noted that Rule 12506(b)(2) of the Code related to parties' obligation to "act in good faith when complying with subparagraph (1) of this rule. 'Good Faith' means that a party must use its best efforts to produce all documents required or agreed to be produced. If a document cannot be produced in the required time, a party must establish a reasonable timeframe to produce the document." The Panel also took note of Rule 12212 of the Code related to sanctions: "(a) The panel may sanction a party for failure to

3

> comply with any provision in the Code, or any order of the panel or single arbitrator authorized to act on behalf of the panel. Unless prohibited by applicable law, sanctions may include, but are not limited to:
>
> - Assessing monetary penalties payable to one or more parties; . . ."
>
> In accordance with the above, after due deliberation and upon consideration of the negative effects that Respondent's noncompliance with the Panel's Orders had on its efforts to achieve a fair arbitration hearing, the Panel hereby orders Respondent to pay monetary sanctions to Claimants in the amount of $3,000,000.00.
>
> 4. Other than the forum fees which are specified below, the parties shall each bear their own costs and expenses incurred in this matter.
>
> 5. Any and all claims for relief not specifically addressed herein, including Claimant's request for punitive damages and attorneys' fees, are denied.

See **Exhibit A** (FINRA arbitration Award).

## PARTIES

5. Petitioners are residents of San Juan, Puerto Rico. Petitioners are married.

6. Respondent, Morgan Stanley, is a corporation organized and existing under the laws of New York. Morgan Stanley is registered with the Florida Office of Financial Regulation as a securities broker-dealer, and at all times material hereto was conducting business in the State of Florida. At all times relevant and material hereto, Morgan Stanley conducted its business with Jose and Elizabeth through its offices located in Miami, Florida.

## SUBJECT-MATTER JURISDICTION

7. Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This

Court has federal question jurisdiction over this matter because Jose and Elizabeth asserted arbitral claims arising under the laws of the United States. Specifically, Jose and Elizabeth Statement of Claim, filed with FINRA Dispute Resolution, alleged violations of Section 10(b) of the Securities Exchange Act, Rule 10b-5 promulgated thereunder. See **Exhibit A** (FINRA arbitration Award; acknowledging the causes of action under federal law); **Exhibit B** (FINRA Statement of Claim). In actions involving a federal question such as this one, the Court may exercise supplemental jurisdiction over the remaining claims where, as here, stem from a common set of operative. See 28 U.S.C. § 1367; see also United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); Jesus-Santos v. Morgan Stanley Dean Witter, Inc., No. Civ. 05-1346, 2006 WL 752997, at *2 (D.P.R. March 22, 2006).

8. Moreover, pursuant to 28 U.S.C. § 1331(a)(1), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States. . . ." This Court has diversity jurisdiction over this matter because Jose and Elizabeth are residents of Puerto Rico, Morgan Stanley is a New York corporation and the amounts at issue exceed $75,000.

## **VENUE**

9. Venue is proper in this district under 9 U.S.C. § 9 because the arbitration was conducted in this district, and/or the FINRA arbitration award was rendered in this District; alternatively, venue is proper in this district per 28 USC §1391 in that a substantial part of the events giving rise to the claim occurred in this district. Jose and Elizabeth's Morgan Stanley financial advisor was employed at Morgan Stanley's offices located in Miami, Florida and

Morgan Stanley conducted its business with Jose and Elizabeth through its offices located in Miami, Florida.

## FACTS

10. Jose and Elizabeth were required to arbitrate any dispute with Morgan Stanley.

11. On July 19, 2017, Jose and Elizabeth filed a FINRA Arbitration claim against Morgan Stanley for breach of fiduciary duty, negligence, negligent supervision, fraud, breach of contract, and breach of contract-third party beneficiary, violation of the Puerto Rico Uniform Securities Act, violation of the Florida Securities and Investor Protection Act, and violation of Sections 10(b) of the Securities Exchange Act, 15 U.S.C. §78j(b) and Rule 10b-5 of the Securities and Exchange Commission. See Exhibit A.

12. On January 14-18, 21-24, March 2-6 and April 22-26, an arbitration hearing was conducted in Miami, Florida before a three-member FINRA Arbitration panel.

13. On July 16, 2019, a FINRA arbitration panel issued an award included compensatory damages, interest, and sanctions in favor of Jose and Elizabeth and against Morgan Stanley. See Exhibit A.

14. Section 9 of the Federal Arbitration Act provides that a party may, within one (1) year after an arbitration award is made, apply to the court for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected, as prescribed in section 10 and 11 of this title. 9 U.S.C. § 9 (2008). There are no grounds to vacate, modify, or correct the award.

15. The final arbitration Award is binding on the parties. See Exhibit A at 1-2 (stating that Jose and Elizabeth and Morgan Stanley signed FINRA Submission Agreements); and FINRA Rule 12904(b), which the parties agreed to follow and abide under ("Unless the

applicable law directs otherwise, all awards rendered under the [FINRA Arbitration] Code are final and are not subject to review or appeal.").

16. Jose and Elizabeth are entitled to confirmation of the FINRA arbitration Award and entry of final judgment in conformity with the FINRA arbitration Award and pursuant to 9 U.S.C. § 9, which provides that a "court must grant such an order unless the award is vacated, modified, or corrected." The statute is unambiguous. As the Supreme Court has explained, "[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 587 (2008).

17. For these reasons, the FINRA arbitration Award is ripe for summary proceedings to confirm the award. See Legion Insurance Co. v. Insurance General Agency, Inc., 822 F.2d 541, 543 (5th Cir. 1987) ("Arbitration proceedings are summary in nature to effectuate the national policy of favoring arbitration, and they require 'expeditious and summary hearing, with only restricted inquiry into factual issues.'" (quoting Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 22 (1983)). Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984) ("[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."); Amicizia Societa Navegazione v. Chilean Nitrate and Iodine Sales Corp., 274 F.2d 805, 808 (2d Cir.1960) ("[T]he court's function in confirming or vacating an arbitration award is severely limited. If it were otherwise, the ostensible purpose for resort to arbitration, i.e., avoidance of litigation, would be frustrated.").

18. In this action, Jose and Elizabeth seek confirmation of the award in a Final Judgment to be rendered by this Court, under the Federal Arbitration Act.

19. Jose and Elizabeth request a Final Judgment confirming and adopting the FINRA arbitration Award in its totality, including directing Respondent to compensate Petitioners:

    a. The sum of $261,420.63 for compensatory damages;

    b. Interest on the above-stated sum at the rate of 0.1% per annum from March 31, 2013, through and including August 30, 2014;

    c. The sum of the sum of $3,000,000.00 in monetary sanctions;

    d. Prejudgment and post judgment interest; and

    e. All such other and further relief as determined to be just as awarded by this Court.

WHEREFORE, Petitioners, Jose A. Torres and Isabel Litovich-Quintana, respectfully applies to the Court for a Final Judgment confirming the FINRA arbitration award in its totality as requested in this action and as provided by the arbitration award, plus interest until all sums are paid, attorneys' fees, costs, and for such other or further relief the Court deems proper.

Dated:   July 17, 2019

                                                                     SONN & EREZ, PLC
*Attorneys for Petitioner*
SunTrust International Center
1 SE Third Avenue, Suite 1670
Miami, FL   33131
Tel. 305-728-3320
Fax 786-842-7549
Email: jerez@erezlaw.com

By:/s/ Jeffrey Erez
       Jeffrey Erez, Esquire
       Florida Bar No. 102369